[No. 13886. In Bank—December 30, 1893.]

JOHN G. PRIEST, APPELLANT, *v.* JOSEPH BROWN, ET AL., RESPONDENTS.

INSOLVENCY—PREFERENCE OF CREDITORS—FRAUDULENT CONVEYANCE.—A transfer of property by an insolvent debtor, made and accepted for the purpose of preferring a portion of his creditors, is unassailable, subject only to the right of an assignee in insolvency to set aside the transfer if made within one month before the commencement of insolvency proceedings, and cannot be set aside at the suit of a judgment creditor of the insolvent as a conveyance in fraud of other creditors.

ID.—CONVEYANCE UPON LONG CREDIT.—The fact that a conveyance by an insolvent debtor for the purpose of preferring certain creditors is not made directly to the creditors, and is not made for money in hand, but in consideration of the notes of the purchaser, does not invalidate the transfer.

ID.—APPLICATION OF NOTES BY GRANTOR—GOOD FAITH OF PURCHASER.— Where the purchaser to whom an insolvent debtor has conveyed his property for the purpose of preferring some of his creditors believes at the time of the sale that his notes given for the property are to be used in payment of the claims of the creditors to be preferred, the fact that some of them are not so applied by the grantor does not render the conveyance fraudulent or invalid as against the creditors of the grantor; and the conveyance cannot be set aside for any fraud of the grantor upon his creditors in which the grantee did not participate.

APPEAL—REVIEW OF CONFLICTING EVIDENCE—DEPOSITIONS.—Where the evidence upon a question of fact is conflicting, a finding of the trial court thereon will not be disturbed upon appeal, even though the evidence consists of depositions.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*T. Z. Blakeman,* for Appellant.

Sale by an insolvent debtor of all his property to a man without means or business experience, for the promissory notes of the grantee, is a fraud on creditors, and void. (*Bibb* v. *Baker,* 17 B. Mon. 304; *Clements* v. *Moore,* 6 Wall. 299; *Hendricks* v. *Robinson,* 2 Johns. Ch. 283; *Angrave* v. *Stone,* 45 Barb. 35; Bump on Fraudulent Conveyances, 3d ed., 52–82.) The transaction in question was a clear fraud on the creditors, as they were not parties to the agreement, neither did they consent thereto, and therefore the property remained liable to attachment. (May on Fraudulent Conveyances, pp. 107, 433, 434; *Widgery* v. *Haskell,* 5 Mass. 153; 4 Am. Dec. 41; *Harris* v. *Sumner,* 2 Pick. 136; *Crowninshield* v. *Kittridge,* 7 Met. 522; *Blodgett* v. *Chaplin,* 48 Me. 324; *Lewis* v. *Linscott,* 37 Kan. 379; *Nicholson* v. *Leavitt,* 10 N. Y. 593, 594.) In California, a debtor can prefer only by paying the debt or giving to the creditor security. (Civ. Code, secs. 3432, 3451.) The assignment provided for delay in the application of the property to the payment of the creditors, and is therefore voidable as against the creditors. (*Billings* v. *Billings,* 2 Cal. 107, 113; 56 Am. Rep. 319; *Smith* v. *Morse,* 2 Cal. 524–41; *Bingham* v. *Tillinghast,* 13 N. Y. 215–20; *Hardin* v. *Osborne,* 60 Ill. 93; Civ. Code, sec. 3457, subd. 5; *Nicholson* v. *Leavitt,* 10 N. Y. 593, 594.) We admit that a debtor may sell all his property for the purpose of paying his debts, and the grantee may know this. Where a cloud, however, rests upon the disposition made by the debtor of the money, the *bona fides* of the grantee must be clearly shown. (Bump on Fraudulent Conveyances, 3d ed., 208; *Stanton* v. *Green,* 34 Miss. 576; *Alexander* v. *Todd,* 1 Bond, 175; *Green* v. *Tantum,* 19 N. J. Eq. 105.) If any of the

notes are diverted from the purpose and paid by the grantee, the transfer will be held fraudulent as to the creditors not intended to be preferred. (*Clements* v. *Moore,* 6 Wall. 299.)

J. A. *Waymire,* and W. T. *Baggett,* for Respondents.

In this state an insolvent may dispose of any part or all of his property, either by sale or mortgage, for the purpose of preferring one creditor to another, even though the effect would be to render it impossible for a portion of his creditors to enforce their claims against him. (Civ. Code, sec. 3422; *Wheaton* v. *Neville,* 19 Cal. 46; *Dana* v. *Stanford,* 10 Cal. 277.) In order to render the transfer void there must have been an intent on the part of Joseph Brown at the time to hinder and defraud all of his creditors, not to devote his property to the payment or security of one in preference to others. And this intent will never be presumed, imputed, or inferred but must be shown by satisfactory evidence and by a preponderance of proof. (*Timon* v. *Claffy,* 45 Barb. 446; *Webb* v. *Darby,* 94 Mo. 621; *Strauss* v. *Abrahams,* 32 Fed. Rep. 312; *Nathan* v. *Doane,* 55 Cal. 349; *Bullard* v. *His Creditors,* 56 Cal. 600; *Estate of Kidder,* 66 Cal. 490.) The party alleging fraud must prove it by a preponderance of evidence, which need not be direct, but may be shown by the facts and circumstances surrounding the transaction, but should be clear and decisive. (*Purkitt* v. *Polack,* 17 Cal. 327; *Butler* v. *Collins,* 12 Cal. 464; *Ford* v. *Chambers,* 19 Cal. 144; *Jarnatt* v. *Cooper,* 59 Cal. 706; *Estate of Kidder,* 66 Cal. 490; *Bullard* v. *His Creditors,* 56 Cal. 600; *Harden* v. *Wagner,* 22 W. Va. 365; *Mayer* v. *Feig,* 114 Ind. 577; *Jones* v. *Simpson,* 116 U. S. 614; *Schroeder* v. *Walsh,* 120 Ill. 403.) The notes were a good consideration. (*Hart* v. *Mead,* 84 Cal. 244; *Le Page* v. *Slade,* 79 Tex. 473; *Hadock* v. *Hill,* 75 Tex. 193; *Mobile Sav. Bank* v. *McDonnell,* 89 Ala. 434; 18 Am. St. Rep. 137.) Nor will the sale of all the debtor's goods, with credit for the greater portion of the purchase price, establish fraud as a legal conclusion, as the object

of the conveyance was to pay certain creditors in preference to another, which was neither unlawful nor fraudulent under our statute. (*Harris* v. *Burns*, 50 Cal. 141.) The subsequent disposition of the notes by Joseph Brown is only material so far as it may tend to show the intent of the parties at the time of the execution and delivery of the deed. (*Harden* v. *Wagner*, 22 W. Va. 356.) The fact that Joseph Brown was insolvent, even if known to Andrew, does not raise a presumption of fraud on the part of Andrew M. (*Ballard* v. *Eckman*, 20 Fla. 661; *Osgood* v. *Thorne*, 63 N. H. 376; *Cannon* v. *Young*, 89 N. C. 264; *Wood* v. *Elliott* (Ky., March 10, 1888), 7 S. W. Rep. 624.)

*H. C. Campbell*, also for Respondents.

DE HAVEN, J.—This action was brought by the plaintiff to subject certain real property in the city of San Francisco to the payment of a judgment obtained by him against the defendant, Joseph Brown, on April 5, 1887, for the sum of $8,334.06 and costs of suit. It is alleged in the complaint that this real property was on October 3, 1883, conveyed by the judgment debtor to the defendant A. M. Brown, with intent to delay and defraud the creditors of such debtor. The land was afterwards conveyed to the other defendants named, in trust to secure an indebtedness owing from the said A. M. Brown to the San Francisco Savings Union.

The superior court found that the deed from Joseph Brown to the defendant, A. M. Brown, was not made with intent to defraud the creditors of Joseph Brown, and upon this finding and others not necessary to be stated gave judgment for the defendants.

It is manifest that if the finding of the court to the effect that the original conveyance to the defendant, A. M. Brown, was not fraudulent and void as to the creditors of Joseph Brown, is sustained by the evidence, the judgment and order appealed from must be affirmed without reference to other questions argued by counsel.

It is earnestly urged in behalf of appellant that this finding is contrary to the evidence. It appears from the record that at the date of the transfer Joseph Brown was insolvent, and he testified to the effect that his object in making it was to prefer certain of his creditors. The purchaser, A. M. Brown, was his nephew. He was a captain in the United States Army, with a salary of $2,000 per year, but without other property. The property transferred was substantially all the debtor, Joseph Brown, had. It had a rental value of about $1,000 per year, and the purchase price agreed to be paid therefor was $9,000, $500 of which was paid in cash, and the balance in the negotiable notes of the purchaser, maturing at different periods, from six to twenty-four months from date. None of the creditors to be preferred knew anything of the transfer, and, of course, did not give their assent to it at the time, but Joseph Brown testified that he afterwards sent the notes to the persons for whom he intended them when he made the sale. The notes sent to his sister were returned to him by his direction, and one or more of the other notes again came into possession of the debtor, and these seem to be the only ones that have been paid, and they were paid to Joseph Brown out of money, the greater portion of which was obtained from the rents, and from a mortgage placed upon the property by the purchaser.

The purchaser, A. M. Brown, testified in substance that at the time of the transfer he was informed by his uncle that his object was to prefer certain of his creditors out of the proceeds of the sale, and that he was willing to assist him in the matter by purchasing the property. In view of the direct testimony of the grantor and grantee to that effect, we cannot say that there was no evidence to justify the trial court in finding that the real intention of the debtor in making the transfer was to prefer a portion of his creditors, and that the conveyance was accepted by the defendant, A. M. Brown, with knowledge of this intention of his grantor. A

transfer made by an insolvent debtor for such a purpose is not fraudulent in the absence of a statute making it so, and while it is true that in this state, under section 55 of the Insolvent Act of 1880, a conveyance made and accepted with such an intent may be set aside by an assignee in insolvency, if made within one month before the commencement of the insolvency proceedings by or against the grantor, still, subject to the right thus given, the assignee in insolvency to defeat it, such a conveyance is unassailable. This general rule, that an insolvent debtor may, when there is no bankrupt or insolvent law making a different disposition of his property, lawfully devote it to the payment of any creditor, or a part of his creditors to the exclusion of others, is thoroughly settled by numerous well-considered decisions. (*Dana* v. *Stanford,* 10 Cal. 269; *Low* v. *Wortman,* 44 N. J. Eq. 202; *Shelley* v. *Boothe,* 73 Mo. 74; 39 Am. Rep. 481; *Brashear* v. *West,* 7 Pet. 614; *Giddings* v. *Sears,* 115 Mass. 505.) The same rule is embodied in section 3432 of the Civil Code, which declares: "A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another." It is argued, however, that the facts of this case do not bring it within this rule, because the conveyance here was not made directly to the creditor, and the sale was not made for money in hand, but upon a long credit, represented by the notes of the purchaser; but we do not think these facts make any difference in the application of the rule. It is perhaps true that in most of the cases in which the question of the right of a debtor to give a preference has arisen, the transfer assailed as fraudulent was made directly to the creditor, but in our opinion it is not essential to its validity that a transfer for such a purpose should be made to the creditor directly. The insolvent debtor, so long as he retains control of his property, is clothed with the right to dispose of it for the *bona fide* purpose of providing means for the payment of any of his debts, and he necessarily has the right to determine whether the

sale shall be for cash in hand, or upon a reasonable credit; nor can it make any difference whether the transfer is made directly to the creditor by way of preference, or whether the property for which it is exchanged be money or notes to be used by him for the same purpose. This view is sustained by the following cases: *Gregory* v. *Harrington*, 33 Vt. 241; *Avery* v. *Eastes*, 18 Kan. 507; *Bedell* v. *Chase*, 34 N. Y. 387; *Loeschigk* v. *Bridge*, 42 N. Y. 421; *Ruhl* v. *Phillips*, 48 N. Y. 125; 8 Am. Rep. 522. In *Gregory* v. *Harrington*, the debtor sold his store and merchandise, taking the notes of the purchaser in payment therefor, and these notes he afterwards turned over to some of his creditors by way of preference, and the court held that the sale was as valid as if it had been made directly to the preferred creditors. The court said: "In this case, if the principal debtor had transferred the property himself to the same persons to whom he transferred the notes he took for it, and for the same purpose, no person would claim that he had not a perfect legal right to do so; or, if he had sold the property and taken the money for it, and had applied the money in the same manner, it would not have been fraudulent.

"The purpose was not to keep his property away from his creditors, but to pay it to his creditors, he exercising his legal right to prefer such as he chose. Fraud does not consist in transferring property with a view to prefer one creditor to another, but in transferring property with the intent to prefer oneself to all his creditors." It is true that in the case just cited the notes received were actually transferred to the creditors of the vendor; but the failure of the debtor to thus apply the proceeds of a sale would not defeat the title of a purchaser in good faith who had given his negotiable notes in payment, without any knowledge that the real object of the debtor in making the sale was not to pay his debts, but simply to convert the property into something which might more effectually be placed beyond the reach of his creditors and for his own benefit. The

case is authority for the proposition that a transfer made for the purpose of preferring a creditor is valid, although the transfer is not made directly to the creditor intended to be preferred.

In *Bedell* v. *Chase*, 34 N. Y. 387, the sale was made upon credit, the vendors taking the purchaser's notes, the last one due in twelve months from date, and the sale was made for the purpose of preferring creditors of the vendors. The sale was upheld.

So also in *Ruhl* v. *Phillips*, 48 N. Y. 125, 8 Am. Rep. 522, the sale was of an entire stock of an insolvent copartnership upon credit, the vendee having knowledge of the insolvency, and also of the fact that the sale was made for the purpose of preferring certain creditors of the copartnership out of the proceeds of the sale. The court in that case held that the sale was not necessarily fraudulent because the notes of the purchasers were taken in payment, or because of the intended preference which was known to the purchasers. In discussing the question of preference the court said: "The amount of the notes was not sufficient to pay all the debts of the firm, and it was the object of Many, the member thereof who made the sale, to prefer certain of their creditors, including a copartnership (of Many, Baldwin & Many), in the payment of debts due to them, and to indemnify them against liability on indorsements made for their accommodation. This object, although known to Phillips at the time of his purchase, did not render it fraudulent as against the plaintiff or any of the creditors who were not to be so preferred. A debtor, notwithstanding his insolvency, is allowed to make such preference if *bona fide*, and a sale for that purpose is not invalid."

The foregoing cases all proceed upon the principle, which we deem a sound and reasonable one, that a debtor has the lawful right to prefer a creditor, and this object or purpose being lawful, the manner in which it is to be done, whether by a direct conveyance to the creditor or by a sale to another, either for money or notes, with

the intention of applying the proceeds of such sale by way of preference, is immaterial.

It is lastly urged that it was incumbent upon the vendee to see that his notes were applied in payment of the creditors to be preferred, and that as they were not in fact so applied, or at least some of them were not, the transfer was fraudulent. We think, however, that there was evidence from which the court might have found that all of the notes were transferred to those creditors of Joseph Brown whom he desired to prefer. It is true some of them got back into his hands in a manner which does not clearly appear; but whatever the fact may be, whether these notes were or were not given to the creditors of Joseph Brown, the court had evidence before it upon which to base a finding that the defendant, A. M. Brown, believed at the time of the sale that his notes were to be used in preferring certain creditors of his uncle; and if he so believed, he was not guilty of any fraud, whatever may have been the real intention of his grantor, and the conveyance cannot be set aside for the fraud of the grantor, in which the grantee did not participate. (*Merchants' Nat. Bank* v. *Northrup*, 22 N. J. Eq. 58; *Foster* v. *Hall*, 12 Pick. 89; 22 Am. Dec. 400; *Cohen* v. *Knox*, 90 Cal. 273.) Thus, in the case last cited, we said: "Where one party conveys land to another for a valuable and adequate consideration, the conveyance will be good against the creditors of the grantor, although the latter intended thereby to defraud his creditors, if the grantee had no knowledge of such intent, and was in no way a participant in the fraudulent purpose."

And, of course, if, in such a case, the conveyance is valid when made, it is not rendered invalid by what the grantor may do or fail to do afterwards; if the present fraudulent intention of the grantor alone cannot defeat the conveyance, his subsequent action in furtherance of his own fraudulent design ought not to affect the rights of the grantee. The negotiable notes given by the grantee in this case constituted a valuable and adequate

consideration for the transfer, and bring the transaction within the protection of the rule which upholds the conveyance, when the grantee is himself acting in good faith, and without any intention of assisting his grantor in defrauding his creditors.

We have not deemed it necessary to enter into any discussion relating to the weight which ought to be given to what the plaintiff terms "badges of fraud," and other facts appearing in this case, which he claims really outweigh the direct evidence of the defendants, Joseph and A. M. Brown, upon the issue as to the fraudulent character of the conveyance made by the former to the latter. At most, the matters referred to only make a conflict of evidence upon the main question involved. When this is so, it is the well-settled rule here that the finding of the trial court thereon will not be disturbed by us, and the fact that the evidence bearing in this case upon the matter embraced in the findings excepted to consists of depositions, does not take the case out of the general rule thus stated. (*Reay* v. *Butler*, 95 Cal. 214.)

Judgment and order affirmed.

McFARLAND, J., HARRISON, J., GAROUTTE, J., and FITZGERALD, J., concurred.

Rehearing denied.