John L. LEWIS, Benjamin Jesse, and American Casualty Company, Petitioners,

v.

Bob AUBREY, Judge of the Superior Court of Seminole County, Oklahoma, Respondent.

No. 41492.

Supreme Court of Oklahoma.

June 22, 1965.

Conn, Mayhue, Kerr & Harris, by R. Burl Harris, Ada, for petitioners.

Lewis M. Watson, Ada, for respondent.

BLACKBIRD, Justice.

This case involves a question of what effect, if any, a verdict and judgment for damages obtained in one district court by

the owner of one of the two motor vehicles involved in a collision, against the owner and driver of the other vehicle, has, as a bar, to an action filed by the latter driver in another court to recover damages against the judgment creditor in the previous judgment for personal injuries on account of the creditor's alleged negligence in causing the same collision.

The collision between the two vehicles—a truck owned by a Seminole County resident named John L. Lewis, operated by one Benjamin Jesse—and a 1954 model Ford automobile owned by Martin Stiles and operated by Patsy Jane Stiles, both Pontotoc County residents—occurred on November 22, 1963, at a highway intersection in the latter County.

Thereafter, on January 20, 1964, Lewis, as plaintiff, filed his petition in Cause No. 23404 of the District Court in Pontotoc County, naming Patsy Jane Stiles and Martin Stiles, as defendants, and alleging, in substance, that the collision was caused by Miss Stiles' negligent driving and resulted in plaintiff's truck being damaged in the sum of $536.94, and praying judgment against said defendants for that amount.

On the same day, Patsy Jane Stiles, as plaintiff, filed her petition in Cause No. 9995 of the Superior Court in Seminole County, naming Lewis, his driver, Jesse, and Lewis's alleged insurance carrier, American Casualty Company, as defendants, and alleging, in brief substance, that the same collision was caused by Jesse's negligence, and resulted in personal injuries to her, for which she was entitled to various items of damages totaling $28,461.-90 against Lewis, Jesse, and American Casualty Company.

After unsuccessful attempts to obtain dismissal of the Seminole County action, on the ground that the Pontotoc County District Court had exclusive jurisdiction of all actions for negligence arising out of the collision, Lewis applied to this Court to assume jurisdiction and issue a writ of prohibition preventing the Seminole County Superior Court from proceeding further in its Cause No. 9995, supra. This court denied the application by its Order of June 29, 1964.

Thereafter, in March, 1965, both Martin, and Patsy Jane, Stiles filed answers, but only Martin Stiles filed a cross petition, in cause No. 32404, supra. In his cross petition, the latter alleged that the collision was caused by the negligence of Lewis's driver, Benjamin Jesse, and prayed for judgment against Lewis in the sum of $165.00 as damages to the Stiles' truck and costs of the action.

It was at the close of the trial of Cause No. 23404, supra, on March 29, 1965, that the judgment, based upon a general verdict, was rendered in favor of the plaintiff therein, Lewis, against Patsy Jane Stiles and Martin Stiles, as defendants. The latter had commenced an appeal to this court from that Pontotoc County judgment when the Seminole County Superior Court's Cause No. 9995, supra, was set for trial in May of this year.

On April 30, 1965, Lewis, Jesse, and American Casualty Company filed in Cause No. 9995, supra, a pleading entitled: "MOTION TO STRIKE CAUSE FROM TRIAL ASSIGNMENT AND TO HOLD IN ABEYANCE", in which they apprised the Seminole court of the verdict and judgment entered less than one month previously in the Pontotoc Court's Cause No. 23404, supra, and of the pendency of the appeal from said judgment, and asked the court to strike said Cause No. 9995 from its trial assignment and "to hold said cause in abeyance until such time as the judgment rendered in Cause No. 23,404 in the District Court of Pontotoc County, styled JOHN L. LEWIS vs. PATSY JANE STILES—becomes final, or until such time as the Supreme Court of the State of Oklahoma upsets, reverses, or vacates the judgment rendered in Cause No. 23,404 in the District Court of Pontotoc County, entitled JOHN L. LEWIS vs. PATSY JANE STILES now on appeal * * *". This motion was overruled the same day.

Thereafter, on May 5, 1965, Lewis, Jesse, and American Casualty Company, hereinafter referred to as "petitioners", applied to this Court to assume original jurisdiction of the controversy, and petitioned us to issue a writ of prohibition against the Judge of the Superior Court of Seminole County, hereinafter referred to as "respondent". The petition alleges, among other things, that, in accord with his ruling on the above-described motion to postpone trial of cause No. 9995, supra, the respondent judge will require petitioners to again litigate in that case ",* * * the question, fact or issue (that) was distinctly determined * * *" in cause No. 23404, supra. Petitioners further allege:

"That such action is an abuse of the judicial power and contrary to the public policy and Laws of the State of Oklahoma and unless prohibited by this Honorable Court, the Respondent will proceed to litigate a question, issue or fact previously determined between the said parties, arising out of the same transaction, in a court of competent jurisdiction."

In support of their position here, petitioners contend, in substance, that the judgment Lewis obtained against Patsy Jane Stiles and Martin Stiles in the Pontotoc County action (No. 23404, supra) if, as, and when it becomes final, settles the issue of whose negligence caused the subject collision. It is said, in effect, that since those judgment debtors were thereby established as the parties responsible for the collision, and that since said judgment, under the theory of estoppel by judgment (described in such cases as Boy Scouts of America, Inc. v. Thompson, (Okl.) 380 P.2d 705, Wilkey v. Southwestern Greyhound Lines, Inc., (Okl.) 322 P.2d 1058, and Wilson v. Lee Evans Drilling Co., (Okl.) 322 P.2d 630) if it is affirmed by this Court in the pending appeal (or otherwise becomes final) will estop Patsy Jane Stiles from effectively making the contrary claim (in the Seminole County action) that Lewis (instead of her and/or Martin Stiles) was responsible

for the collision, this Court should cause the Seminole County action to be held in abeyance pending disposition of said appeal, and/or resolution of the question of said judgment's finality.

Respondent's attempts to distinguish the above cases from the present one are not convincing. Although he recognizes that in the Boy Scouts of America, Inc., Case, supra, "the court held that a former adjudication of fact put in issue between the same parties on the same question is a decision which may not be re-litigated by another court" he seems to think that because the question, to which the doctrine was applied in that case, was one of tax liability, rather than negligence, this difference constitutes reason for not applying that holding here. He says that in cases like McKee v. Producers & Refiners Corp., 170 Okl. 559, 41 P.2d 466, there was an identity of parties in the pending case with those in the case, whose outcome was urged as the basis for applying the estoppel theory, that does not exist here. He also mentions—as if it constituted a material distinction—the fact that in the three cases filed against Southwestern Greyhound Lines, Inc., and referred to in Wilkey v. Southwestern Greyhound Lines, Inc., supra, those, against whom estoppel by judgment was applied, were all plaintiffs, which is not the situation here. He says that, if the estoppel doctrine is applied here, "Patsy Jane Stiles will never get to try her claim for damages arising out of her personal injuries sustained in * * * (the) * * * collision."

None of the various matters pointed out by the respondent constitute valid reasons for not applying the doctrine of "estoppel by judgment", or "collateral estoppel" here. The decisive question which was determined in the Pontotoc County action, Cause No. 23404, supra, which is fatal to respondent's present position, is: Whether the collision was caused by the negligent driving of Martin Stiles' driver, Patsy Jane, or by the negligent driving of Lewis's driver, Jesse. This important fact over-

shadows, or renders immaterial, the fact that Jesse and American Casualty Company were not parties to the Pontotoc County action and that Martin Stiles is not a party to the Seminole County action, for the relationship of all of these parties to any cause of action for, or against, them, arising out of negligent driving causing the collision, hinged upon the answer to that key question. Nor is it significant that any cause of action Patsy Jane Stiles may have had against Lewis, by reason of the collision, was not asserted, or tried, in the Pontotoc County action—because it *could have been*. As held in Partmar Corp. v. Paramount Theatres Corp., 347 U.S. 89, 74 S.Ct. 414, 98 L.Ed. 532:

> "[U]nder the doctrine of res judicata a judgment entered in [a cause of] action conclusively settles that cause of action as to all matters that were or might have been litigated or adjudged therein. * * *"

Notice also Ira v. Columbia Food Co., 226 Or. 566, 360 P.2d 622, 86 A.L.R.2d 1378; 30A Am.Jur., "Judgments", section 328, and the Annotations at 83 A.L.R.2d 977, 980. Under the aspect of the res judicata doctrine known as the doctrine of collateral estoppel by judgment, a prior judgment between parties operates as an estoppel in a suit on a cause of action, different from that forming the basis for the original suit, as to questions essential to the judgment, and whose actual litigation culminated in, and were determined by, it. Partmar v. Paramount Theatres Corp., supra, and footnote 6 thereto, at 347 U.S. 420, 74 S.Ct. 420, 98 L.Ed. 541. In Cause No. 23404, supra, it was essential, in order for him to obtain the verdict and judgment therein entered against Patsy Jane Stiles and Martin Stiles for damages to his truck in the collision, that Lewis establish that the said collision was due to Patsy Jane Stiles' negligence, rather than to that of the driver of his own truck, Benjamin Jesse. The Pontotoc County judgment conclusively determined the question (subject to nullification on appeal) of which of the two driv-

ers' negligence proximately caused the collision, for the purpose of any subsequent action in which the same question might arise as an essential issue, even though the causes of action, and/or injuries alleged, in the subsequent action, might be different. 83 A.L.R.2d, supra.

■ In view of the foregoing, all that remains to be decided is whether or not the fact that there is an appeal to this court pending in Cause No. 23404, supra, will deter us from applying the collateral estoppel doctrine here. Due to the pendency of this appeal, the District Court's judgment in that case, under the view in effect in this jurisdiction (see the Annotation at 9 A.L.R.2d 984, 985–986, 988, 990, 994, 995 and 998, citing or discussing City of Tulsa v. Wells, 79 Okl. 39, 191 P. 186, Methvin v. Methvin, 191 Okl. 177, 127 P.2d 186, and Coppedge v. Clinton, U.S.C.A., 10th Cir., 72 F.2d 531. Notice, also, Board of County Commissioners v. Litton, Okl., 315 P.2d 239, 64 A.L.R.2d 1365) is not final.

However, we believe that, under the circumstances of the situation herein described, the ends of justice and "the public policy of avoiding repetitious litigation" (Partmar Corp. v. Paramount Theatres Corp., 347 U.S. 91, 74 S.Ct. 416, 98 L.Ed. 537) will be served by exercising our power of superintending control and issuing the writ herein applied for. (In this connection notice the discussion at 9 A.L.R.2d, supra, at pages 986–991, with reference to the confusion and evils which have resulted in situations like those in the cases of Priest v. Brown, 100 Cal. 626, 35 P. 323, and Brown v. Campbell, 100 Cal. 635, 35 P. 433, 38 Am.St.Rep. 314, described in Footnote 17, page 988).

It is therefore the order of this court that the Respondent, the Honorable Bob Aubrey, Judge of the Superior Court within and for Seminole County, Oklahoma, and any other person hereafter acting as Judge of said Court, be and is hereby prohibited from proceeding further in said Court's Cause No. 9995, styled: "PATSY JANE STILES, Plaintiff, vs. JOHN L.

LEWIS, BENJAMIN JESSE and AMERICAN CASUALTY COMPANY, Defendants", pending the further order of this court and/or final disposition of Cause No. 23,404, supra.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and HODGES, JJ., concur.