Henry Garland HANKINS, Petitioner,

v.

**DISTRICT COURT OF JACKSON COUNTY,** State of Oklahoma, and Honorable Weldon Ferris, Judge of said Court, Respondents.

No. 42327.

Supreme Court of Oklahoma.

Jan. 31, 1967.

Harry R. Palmer, Jr., Oklahoma City, for petitioner.

Robert B. Harbison, Altus, for respondents.

LAVENDER, Justice.

Petitioner in this original action seeks the invocation of the general superintending control of this court over the trial courts of Oklahoma, and in particular petitioner seeks to prohibit the Honorable Weldon Ferris, Judge of the District Court of Jackson County, Oklahoma from proceeding to the trial or other disposition of one certain cause now pending in said court. Petitioner has alleged the following facts and circumstances, all of which have been admitted by the respondent:

That on or about November 15, 1965, H. Brinkman, as Executor of the Estate of Eva Brinkman, deceased, and H. Brinkman, individually, filed consecutive actions in the District Court of Jackson County, State of Oklahoma, the former action bearing case number 12,565, the latter action numbered 12,566; that case number 12,-565 was the action of H. Brinkman as the executor of his wife's estate and prayed for the medical and funeral bills and conscious pain and suffering of Mrs. Eva Brinkman, the decedent. The relief prayed for in the petition in case number 12,-566 was for the injuries of the plaintiff H. Brinkman, consisting of pain and suffering, permanent disability, property damage and the loss of services of Eva Brinkman. That the allegations of negligence on the part of the defendant and that said negligence was the proximate cause of the accident and resulting injuries and damages

were identical in both case number 12,565 and 12,566. That the defendant, Henry Garland Hankins, who is the petitioner herein, moved to consolidate both cases 12,-565 and 12,566 for trial before a jury prior to the trial of 12,565, but that said motion was, by the trial court, overruled, and upon the plaintiff electing to try 12,565, case number 12,566 was stricken from the jury docket. That thereafter on August 17, 1966 case number 12,565, H. Brinkman, Executor of the Estate of Eva Brinkman, deceased, Plaintiff, vs. this petitioner, Henry Garland Hankins, Defendant, was tried to a jury in the said district court of Jackson County, Oklahoma; that the jury returned a verdict in favor of the defendant. That the plaintiff thereafter filed his motion for new trial which came on for hearing before the honorable district judge and was sustained. To this ruling of the trial court, the defendant duly excepted and subsequently filed his petition in error in this court to which was attached a case-made. That this appeal was assigned number 42,253 and is now pending in this court.

That further the admitted facts are that on January 3, 1967, the respondent trial judge set case number 12,566, H. Brinkman, Plaintiff vs. the petitioner on the docket for pre-trial of the matter. That upon this occasion petitioner presented to the said trial court a motion to strike the case from the trial assignment and hold the same in abeyance upon the grounds as here alleged, that because the issues of negligence and proximate cause were and are the same in each case it would be in effect a "re-litigation of the same given issues necessary to the determination made in the former trial" to permit the trial of case number 12,566, and that during the pendency of the appeal of case number 12,565 to this court the former case should be held in abeyance, and if it should be determined that the trial court committed error in sustaining the plaintiff's motion for new trial and that the court should have entered judgment in favor of the defendant upon the verdict of the jury, then the issues submitted to and determined by the verdict of

the jury, namely, the negligence of the defendant and whether the same was the proximate cause of the complained of injuries, would be determinative of the same issues in case number 12,566. This motion by the defendant was denied by the respondent district judge who has set case number 12,566 for trial before a jury on the 17th day of January, 1967, and unless said judge of said court be otherwise restrained or prohibited, said case will be tried on that date and a judgment will be rendered.

Based upon the above facts and circumstances, the defendant in the case below has filed this original action asking that this court, in the exercise of its constitutional power of general supervision over trial courts, issue its writ prohibiting any further proceedings in the case now pending in the trial court until the further order of this court or until the final disposition of the appeal in case number 12,565, now pending in this court.

Thus the petitioner is urging the theory of estoppel by judgment, as that theory has been exemplified in the past decisions of this court. Petitioner places heavy reliance upon the case of Lewis v. Aubrey, Okl., 404 P.2d 1005, and urges that the same is controlling here. In that case a verdict and judgment for damages was obtained in one district court by the owner of one of two motor vehicles involved in a collision against the owner and driver of the other vehicle, and while this case was on appeal to this court the judgment debtor was seeking in a separate action in another district court, but upon the same issues of negligence and proximate cause, to obtain a judgment for damages against the judgment creditor in the first case. We held, in prohibiting further proceedings in the second case until the first appeal had been determined:

"Under the doctrine of collateral estoppel, a judgment, whether in favor of the plaintiff or of the defendant, is conclusive in a subsequent action between the parties on a different claim, as to issues raised in the subsequent action which were actually litigated and determined in the prior action; the test in each case is whether a given issue was necessary to the determination made in the former trial."

This court, while noting that under the past decisions of this court (citing cases) see page 1008, 404 P.2d, the judgment of the district court had not become final because the matter was on appeal to this court, nevertheless stated, " * * * under the circumstances of the situation herein described, the ends of justice and 'the public policy of avoiding repetitious litigation' (Partmar Corp. v. Paramount Theatres Corp., 347 U.S. [89] 91, 74 S.Ct. [414] 416, 98 L.Ed. [532] 537) will be served by exercising our power of superintending control and issuing the writ herein applied for." Attention was called in that case to the discussion at 9 A.L.R.2d pages 986–991, with reference to the confusion and evils which have resulted in situations like those in the cases of Priest v. Brown, 100 Cal. 626, 35 P. 323, and Brown v. Campbell, 100 Cal. 635, 35 P. 433, 38 Am.St.Rep. 314, described in Footnote 17, page 988 (of the A.L.R.2d citation).

Under the theory then of Lewis v. Aubrey, supra, and the cases and authorities therein cited, the issues of negligence on the part of the defendant-petitioner, Henry Garland Hankins, and whether that negligence was the proximate cause of the plaintiff's (in case number 12,566) injuries and damages (if the same be determined by this court in the appeal of case number 12,565 to have been properly decided by the jury in that case) have been effectively determined and would constitute an estoppel by judgment to bar a re-litigation of those same issues in case number 12,566. For further cases expounding on the theory of estoppel by judgment and the distinction between the latter and situations calling for the application of the rule that subsequent action is barred as res judicata, see Wilkey v. Southwestern Greyhound Lines, Inc., Okl., 322 P.2d 1058, and Boy Scouts of

America, Inc. v. Thompson, Okl., 380 P. 2d 705.

The above facts and law applicable thereto would seem then to require this court to grant the petitioner's application to assume jurisdiction and grant the petitioner's prayer for a writ of prohibition to hold in abeyance all further proceedings in the trial court in connection with case 12,566 until the final disposition of the appeal of 12,-565 has been made by this court, unless the contentions of the plaintiff in the cases, namely H. Brinkman, compel us otherwise.

Respondent urges the following as reasons for this court to deny to petitioner his sought-after relief. Mr. Brinkman, who appears here by agreement on behalf of respondent and who shall be hereafter. referred to as either respondent or plaintiff (his trial court designation), makes two contentions:

1. "Respondent * * * alleges that no form of judgment of the district court of Jackson County, Oklahoma, exists against this Respondent in favor of said Petitioner, Henry Garland Hankins * * *." In other words, respondent contends the verdict of the jury was not a "judgment" and when it was set aside by the trial court no judgment now exists which could be classified as a bar to further proceedings.

2. That the plaintiff is 78 years old and may not live long enough to see the final determination by this court of the appeal in 42,253 (trial court No. 12,565) and that a granting of prohibition would in effect deny him his day in court in the pending case below.

The attention of the court is called to 50 C.J.S. Judgments § 614, page 37, wherein appears the following:

"A verdict, decision, or finding, without a judgment entered thereon, generally does not serve as a basis for a plea of res judicata."

■ Respondent argues that the mere rendition of a verdict by the jury without the entry of a judgment thereon by the trial court cannot form the basis of a plea in estoppel as res judicata, and that in the appeal now pending in this court the trial court did not enter judgment upon the verdict but instead sustained plaintiff's motion for new trial and in effect rejected the verdict of the jury. Upon considering the pleadings in this matter, however, we are advised that it is this action, or rather failure to act, on the part of the trial court in granting a judgment upon the verdict, which is assigned as error by the defendant in the pending appeal. The cases supporting the above "general rule" set out in the C.J.S. citation all pertain to cases in which the verdict was the only thing that was entered—no judgment was rendered thereon—and no appeal was taken but the matter was permitted to become "final." Such cases are not in point here where the action of the trial court in refusing to enter judgment upon the jury verdict for the defendant has been assigned as error. On page 38 of the C.J.S. citation, supra, appears the following wording, which in our opinion is applicable to the facts before us:

"* * * However, this rule does not apply if the entry of judgment has been prevented by action of the adverse party or the court and it would be inequitable not to give the party entitled to judgment the benefit of the bar or estoppel which would attend the judgment if entered. * * *"

■ In this case it was admitted by counsel for the respondent that if this court should in the pending appeal determine that the trial court committed error in its refusal to enter judgment upon the verdict of the jury that the issues of negligence and proximate cause would be then subject to the claim that estoppel by judgment would prevent the re-consideration of these issues in the second and pending suit. Considering that such is a possibility, we believe that under the circumstances the fairer and more reasonable rule would be to hold in abeyance the trial of the pending action until the appeal had been determined, either

by action of this court or otherwise, and that if. this court's opinion should be that the trial court did not err in sustaining plaintiff's motion for new trial, then there would be no possibility of an estoppel arising which would prevent the further consideration below of the pending action, and the same could proceed. We believe that this view is in accord with the public policy of this state as expressed in Lewis v. Aubrey, supra, wherein it is stated:

"* * * the ends of justice and 'the public policy of avoiding repetitious litigation' will be served by exercising our power of superintending control and issuing the writ herein applied for."

The case of Stafford v. Powell, Tex.Civ. App., 148 S.W.2d 965, cited by the respondent, in which the action of the trial court in setting aside a directed verdict was not under attack in an appeal therefrom is not, in our opinion, persuasive here.

Regarding the respondent's second "contention," that is, that we should deny prohibition and permit the trial of the pending action because respondent is of advanced age does not, in our opinion, outweigh the serious considerations of public policy which we believe discourages litigation which quite possibly could be of no benefit to either party and would entail the useless expenditure of both time and money.

It is therefore the order of this court that the respondent District Court of Jackson County, State of Oklahoma, and Honorable Weldon Ferris, Judge of said court, be and is hereby prohibited from proceeding further in said court's cause number 12,566, H. Brinkman, Plaintiff v. Henry Garland Hankins, Defendant, pending the further order of this court and/or final disposition of cause number 42,253 now pending in this court.

IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY, HODGES and McINERNEY, JJ., concur.

JACKSON, C. J., and DAVISON, J., dissent.