Leland E. LAWS, Appellant,

v.

Oliver D. FISHER, Appellee.

No. 44494.

Supreme Court of Oklahoma.

June 19, 1973.

Rehearing Denied Sept. 11, 1973.

Charles W. Stubbs, Stubbs & Stiner, Oklahoma City, for appellant.

Dale Reneau, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellee.

LAVENDER, Justice:

 The issue is the applicability of the doctrine of collateral estoppel, or estoppel by judgment, to a husband's action brought after the wife of plaintiff had previously brought an action against the same defendant for damages arising from injuries to her. The doctrine requires an identity of parties and subject matter in the two actions.

The wife's injuries occurred in an automobile accident in which her husband had been driver of a car in which she was a passenger, and the car struck the rear of defendant's truck stopped on the highway. There was judgment for defendant in the wife's action, and her husband brought this action for loss of his wife's services, society and companionship, i.e., consortium, and other damages to himself because of his wife's injuries, and for damages to and loss of use of his automobile.

Defendant moved for judgment for defendant, stating that the issues of negligence between the parties had been litigated in the prior action. The trial judge sustained the motion. Plaintiff has appealed and defendant urges the doctrine of collateral estoppel to prevent litigation of the husband's cause of action. Both parties have briefed the matter, and plaintiff also urges the statutory separatedness of rights of husband and wife to appeal to courts for redress. He also points out that damages sought were not considered in the earlier action by his wife.

 We find that the subject matter of circumstances of the accident and the determinative issues of the negligence of the plaintiff husband and defendant was litigated in trial of the wife's action, and that there was therefore an identity of subject matter in the two actions. Further, that there was an identity of plaintiff parties in the two actions because the husband's cause of action was derived from that of his wife. There being the same defendant in both actions, there was an identity of parties. The doctrine of collateral estoppel applies and the trial judge properly sustained the Motion For Judgment For Defendant.

It was said in Smittle v. Eberle, 1960, Okl., 353 P.2d 121, quoting from Schneider et al. v. Republic Supply Co., 123 Okl. 98, 252 P. 45 that:

"For a judgment to be an estoppel, there must be an identity of parties, as well as of subject-matter; and the parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with parties to such former action."

Again, this court in Hankins v. District Court of Jackson County, 1967, Okl., 424 P.2d 26, quoted from Lewis v. Aubrey, Okl., 404 P.2d 1005, regarding the doctrine:

"Under the doctrine of collateral estoppel, a judgment, whether in favor of plaintiff or defendant, is conclusive in a subsequent action between the parties on a different claim, as to issues raised in the subsequent action which were actually litigated and determined in the prior action; the test in each case is whether a given issue was necessary to the determination in the former trial."

Therefore, although identity of causes of action is not a necessary element in a plea of collateral estoppel, it is necessary that the point on which the plea of estoppel by the prior judgment is based be in issue in the later case, and have been in issue and decided in the former. Wilson v. Lee Evans Drilling Co., 1957, Okl., 322 P.2d 630; Boy Scouts of America, Inc. v. Thompson, 1963, Okl., 380 P.2d 705. Or, as stated in a syllabus to Wilkey v. Southwestern Greyhound Lines, 1957, Okl., 322 P.2d 1058, a situation wherein a surviving spouse and father brought three separate actions,

"Where the verdict and judgment for defendants in an action for damages for one wrongful death from a motor vehicle accident is relied upon as an estoppel to the maintenance of other actions by the same plaintiff against the same defendants for another allegedly wrongful death and for physical injuries and property damages resulting from the same accident, said verdict and judgment operates as such estoppel only as to those issues necessarily determined thereby."

█ Looking to issues necessarily previously determined here, from the pleadings and briefs it is apparent that there were the same allegations of negligence in the action brought by plaintiff's wife and by the present plaintiff. In trial of the wife's action the sole determinative issue was the alleged negligence of defendant and the plaintiff wife's husband, the present plaintiff. Applying the test of Lewis v. Aubrey, supra, that issue was necessary to the determination in that former trial, and is the determinative issue here. There was an identity of subject matter in each case—the circumstances of the accident and the determinative issue, and we turn to whether there was an identity of parties.

In McKee v. Neilson, 1968, Okl., 444 P. 2d 194, we held contributory negligence of the wife to be a defense in an action brought by the husband to recover special damages such as medical expense for the wife and loss of her services. We also said that this is true even if facts did not exist which would impute her contributory negligence to the husband. We said this rule exists because the husband's right to recover is dependent on (derivative from) the wife's right to recover.

While in our case contributory negligence of the wife was not apparently involved in the trial of her action, the negligence, if any, of the same defendant was involved and was determined favorably to the defendant in the earlier action. That determination has now become final.

While collateral estoppel by judgment was not involved in McKee v. Neilson, the principal that a husband's action for special damages because of injuries to his wife is derivative was involved and was recognized as valid. Among other authorities cited on page 197 of 444 P.2d appears the case of Sisemore v. Neal, 236 Ark. 574, 367 S.W.2d 417. That case involved collateral estoppel.

In Sisemore the wife's action against the common defendant, alleged tort-feasor, which was to recover her loss of earnings, pain and suffering and medical expense resulted in a verdict for the defendant. The husband's suit to recover for loss of consortium and medical was held to be barred.

Because of the privity between the plaintiff husband in our action and the plaintiff wife in her earlier action and considering further the fact that apparently no adversity of interest is shown as between the husband and his wife, and, finally because the determinative issue in the wife's action (negligence of the common defendant and causation) is also the determinative issue in the husband's action, we hold that the husband was and is collaterally estopped from litigating the question—already once determined in defendant's favor—of the fault of the latter in causing the injuries to plaintiff's wife. As we said in Wilkey v. Southwestern Greyhound Lines, Inc., supra,

". . . for the purpose of determining the issue here involved, plaintiff, . . . is the 'same party' as the plaintiff in the personal injuries . . . case, and we have determined that under 'collateral estoppel' rule, the verdict and judgment . . . [in the previous action] . . . settled conclusively defendants' liability to answer for any and all damages plaintiff may have suffered, as the result of the one and only accident involved in all three of the cases, . . ."

The order of the district court is therefore affirmed.

All of the Justices concur.