**STATE of Oklahoma, ex rel., William J. TRIMBLE and Alice F. Trimble, Husband and wife, Appellants,**

**v.**

**Louis KINDRICK, individually, and as former Mayor of the City of Moore, Oklahoma and as former Chairman of the Moore Public Works Authority; the City of Moore, Oklahoma, a municipal corporation; Moore Public Works Authority, a public trust; Continental Medical, Inc., a corporation; Moore Hospital Properties, Ltd. Limited Partnership, an Oklahoma limited partnership; Continental Hospital Moore, Inc., a corporation; Moore Community Hospital, Inc., a corporation; and Bill McGee, James Mayeaux, Perry Lawson, Sherman G. Vogle and Jessie Christal, all individually, and as former councilmen of the City of Moore, Oklahoma and as former trustees of the Moore Public Works Authority; and Jim Simpson, as a former councilman of the City of Moore, Oklahoma, and as a former trustee of the Moore Public Works Authority and as Mayor of the city of Moore, Oklahoma and as Chairman of the Moore Public Works Authority; and Leroy Killgore, Don**

**Black, Dudley Freeman and Willie Edwards, all individually, and as members of the City Council of the City of Moore, Oklahoma, and as trustees of the Moore Public Works Authority, Appellees.**

**No. 75704.**

Court of Appeals of Oklahoma, Division No. 3.

Oct. 27, 1992.

Rehearing Denied Feb. 9, 1993.

Certiorari Denied May 4, 1993.

Paul McKinney, Shawnee, for appellants.

H.L. Heiple, John Coyle, Rebecca J. Patton, Frances E. Patton, Harvey D. Ellis and Charles J. Watts, Oklahoma City, for appellees, Kindrick, McGee, Mayeaux, Lawson, Vogle, Christal, Simpson, Killgore, Black, Freeman, Edwards, and The City of Moore, Okl., and The Moore Public Works Authority.

Thomas G. Ferguson, Jr., James A. Slayton, David A. Kaserman, Janice D. Loyd, Oklahoma City, for appellees, Continental Medical, Inc., Continental Hosp., Moore, Inc., Moore Hosp. Properties, Ltd., Limited Partnership, Moore Community Hosp., Inc.

## MEMORANDUM OPINION

HANSEN, Vice Chief Judge:

Appellants, William J. Trimble and Alice F. Trimble, seek review of the trial court's order which granted Appellees' motion for dismissal or alternatively, for summary judgment. The trial court sustained the motion and dismissed the matter with prejudice, finding that Appellants' claims are barred by the doctrines of res judicata, collateral estoppel and issue preclusion. We affirm.

This appeal arises from a taxpayer action filed in the District Court of Cleveland County, Oklahoma, Case No. CJ–89–2561. Appellants originally filed Case No. CJ–89–273, which was subsequently dismissed and consolidated with another action filed in Cleveland County on December 29, 1987, Case No. 87–3931. Case No. 87–3931 was appealed to the Oklahoma Supreme Court, Case No. 72,188 and is hereafter referred to as "Hospital I".

In 1970, the City of Moore (City) leased to the Moore Public Works Authority (MPWA) property on which the MPWA was to construct a hospital. The MPWA was created by Declaration of Trust in 1962 with the Town of Moore as beneficiary of the trust. By virtue of their offices, councilmen of the City are trustees of the MPWA. The Moore Municipal Hospital was subsequently built. On November 13, 1985, the MPWA and the City entered into two agreements with Continental Medical, Inc.: the first, a hospital management agreement and the second, an agreement to sell the hospital to Continental Medical, Inc. The hospital management agreement provided for the operation of the hospital pending closing of the sale. The sale was completed on January 29, 1988 pursuant to an agreement between MPWA, the City and Moore Hospital Properties, Ltd. (the successor of Continental Medical). A deed from MPWA and the City to Moore Hospital Properties, Ltd. was executed on January 1, 1987.

Appellants filed their "taxpayer action" in Hospital I in December, 1987, to recover certain payments made pursuant to the 1985 hospital management agreement. In the petition, Appellants alleged various violations of statutes by Appellees, citing 62 O.S.1981, §§ 372 and 373, and asserted approximately $4,000,000.00 in public funds

were wrongfully expended from November 13, 1985 to August 22, 1986. The trial court dismissed the action with regard to Appellees Freeman, Black and Edwards and sustained the remaining defendants' motions for summary judgment. The trial court specifically found that "the activities complained of herein were discretionary acts of persons within the scope of their employment, by entities not subject to taxpayer lawsuits, and involving non-municipal funds." This judgment (Hospital I) was affirmed in appeal number 72,188 by Division 4 of this Court by unpublished opinion (mandate issued February 28, 1991).

Appellants bring this lawsuit in their capacities as taxpayers, pursuant to 62 O.S.Supp.1982, § 372 and 62 O.S.1981, § 373. Appellees in this action are almost identical to the defendants in Hospital I, except three former councilmen of the City were not named in this action and this action adds Moore Hospital Properties, Ltd. Limited Partnership, Continental Hospital Moore, Inc. and Moore Community Hospital, Inc. as defendants. Appellants allege in their petition below, that Appellees sold the Moore Hospital in violation of Section 4-4 of the City's Charter, which requires that sales of entire public utilities owned by the City may be authorized only by a vote of the City's qualified electors. Appellants further assert the City did not receive consideration from the sale, thereby making the sale of the hospital an unconstitutional gift to Moore Hospital Properties, Ltd. Appellants want the hospital "returned" to the City, rental value from the date of closing, title quieted in the City or, alternatively, judgment for $10,500,-000.00 plus triple that amount as a penalty.

Appellants maintain this action is not precluded by the doctrines of res judicata, collateral estoppel and issue preclusion because the cause of action in Hospital I and this action are different and the parties in each case are different. Appellants state this cause of action is the illegal transfer of the hospital pursuant to the sale agreement, which is separate from the first cause of action which involved the illegal expenditure of public funds pursuant to the hospital management agreement. Appel-

lants further assert this cause of action could not have been brought when they filed the Hospital I suit because the transfer of the property did not occur until January 1, 1988. Appellees counter the deed and financing documents of the sale were executed on January 30, 1987, eleven months before Appellants brought the Hospital I action and that this challenge is precluded by res judicata because it could have been brought in Hospital I. We find it unnecessary to determine whether a challenge to the transfer of the hospital could or could not have been raised in Hospital I because we find the trial court correctly determined this action to be barred by the doctrine of collateral estoppel.

 Under the doctrine of collateral estoppel, also known as issue preclusion, a final judgment, whether in favor of the plaintiff or defendant, is conclusive in a subsequent action between the parties on a different claim, as to issues raised in the subsequent action which were actually litigated and determined in the prior action. *Laws v. Fisher*, 513 P.2d 876, 877 (Okla.1973.); *Benham v. Plotner, Jr.*, 795 P.2d 510 (Okla.1990). The test is whether the question or fact in issue in the second action is a question or fact which was actually determined in the first trial. *Laws*, at 877; *Cressler v. Brown*, 79 Okla. 170, 192 P. 417 (1920). "[A]lthough identity of causes of action is not a necessary element in a plea of collateral estoppel, it is necessary that the point on which the plea of estoppel by the prior judgment is based be in issue in the later case, and have been in issue and decided in the former." *Laws*, at 877. The parties between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered in the same capacities and in the same antagonistic relation, or in privity with parties to such. *Id.*

 The undisputed evidence indicates Moore Hospital Properties Ltd. is the successor to Continental Medical, Inc. Moore Hospital Properties, Ltd. is the grantee of the deed to the hospital and therefore is in privity with Continental Medical, Inc. which was named as a defendant in Hospital I. Continental Hospital Moore, Inc. and Moore

Community Hospital, Inc. are the general partners of Moore Hospital Properties, Ltd. The only other difference in parties between this suit and Hospital I is the deletion of two former and one then current members of the Moore City Council. The councilmen in the present cause stand in the same capacities and in the same antagonistic relation as those named in Hospital I. For purposes of applying the bar of collateral estoppel, there is identity of parties. *Laws,* at 877; *Wilson–Harris v. Southwest Telephone Co.,* 193 Okla. 194, 141 P.2d 986 (1943).

As previously noted, the trial court determined in Hospital I that Appellants' alleged violations by Appellees were unfounded and that the actions of Appellees with regard to the management and proposed sale of the Moore Municipal Hospital were discretionary acts by persons of entities which were not subject to taxpayer suits. The trial court further determined non-municipal funds were involved. In Hospital I, as here, Appellants' cause of action under 62 O.S.1991, §§ 372, 373 is based upon their contention that the MPWA is a public trust within the meaning of those statutes. This Court specifically found in the appeal of Hospital I, that a public trust does not fall within the purview of those statutes and that the evidence established that Appellees were "duly authorized officers of non-city entities and were carrying out the responsibilities of those offices." The dispositive issues in the present action have been tendered and adjudicated in favor of Appellees in Hospital I. Accordingly, the trial court correctly dismissed this action by applying the doctrine of issue preclusion.

Continental Medical, Inc. and Continental Hospital Moore, Inc.'s motion to dismiss this appeal for the reason that Hospital I had been appealed, is denied as now moot.

The order of the trial court dismissing Appellants' cause of action is AFFIRMED.

BAILEY, P.J., and HUNTER, J., concur.