STATE of Oklahoma, ex. rel., Fred B. JORDAN, M.D., Chief Medical Examiner for the State of Oklahoma, Appellee/Cross–Appellants,

v.

The CITY OF BETHANY, a municipal corporation; The City of the Village, a municipal corporation, and The City of Oklahoma City, a municipal corporation, Appellants/Cross–Appellees.

Oklahoma Municipal League, Amicus Curiae.

No. 67738.

Supreme Court of Oklahoma.

Feb. 28, 1989.

David A. Davis, Oklahoma City, for City of Bethany.

Stephen E. Reel, The Village, for the City of The Village.

Robert D. Allen, Municipal Counselor, Diane D. Huckins, Asst., John M. Jacobson, Asst., Oklahoma City, for the City of Oklahoma City.

Robert H. Henry, Atty. Gen., Ozella Willis, Asst., Oklahoma City, for the State of Okl.

Diane Pedicord, Oklahoma City, for amicus curiae, Oklahoma Municipal League.

SIMMS, Justice:

Under Oklahoma law, the office of the State Medical Examiner is required to perform autopsies in an effort to establish the cause of certain enumerated unexplained deaths.[1] This case presents a challenge under the Constitution of The State of Oklahoma to the provisions of 63 O.S. Supp.1988, § 944.2, which requires political subdivisions to pay a "fee" for autopsies performed by that office.

Title 63, Section 944.2 was enacted by Laws, 1985, c. 245, § 3; effective July 15, 1985, by declaration of emergency. Since that time, the Office of the Chief Medical Examiner, (hereinafter designated as "appellee"), has been sending invoices to The City of Bethany, The City of The Village, and The City of Oklahoma City, (hereinafter designated collectively as "appellants"), for autopsies performed as a result of unexplained deaths occurring within appellants' municipal boundaries. The appellants refused to pay the invoices, and in January, 1986, appellee filed suit in district court to collect fees for a total of eighty-eight (88) autopsies performed.

Motions for summary judgment were filed by all parties, together with supporting briefs and stipulated facts. After having oral argument on the motions, the district court affirmed the constitutionality of 63 O.S.Supp.,1988, § 944.2. By journal entry dated October 23, 1986, the court granted summary judgment in favor of plaintiff, appellee herein, in the amount of Four Hundred Dollars ($400.00) as to the City of The Village; Seven Thousand Seven Hundred Dollars ($7,700.00) as to The City of Oklahoma City; Two Hundred Dollars as to The City of Bethany; and Five Hundred Dollars ($500.00) as to The City of Midwest City, together with costs. The Cities of The Village, Oklahoma City and Bethany appeal.

By journal entries dated December 19, 1986, the district court refused to grant appellee's request for attorney fees and for prejudgment interest. The State of Oklahoma, ex. rel., Fred B. Jordan, M.D., Chief Medical Examiner for the State of Oklahoma, appeals these rulings.

The City of Midwest City is not party to the appeal. The Oklahoma Municipal League, as amicus curiae, presents additional argument.

I.

In various subpropositions, the appellants first argue that 63 O.S. Supp.1988, § 944.2 is a special law and is contrary to Article 5, Section 46, of the Oklahoma Constitution which prohibits the legislature from "regulating the affairs of counties, cities, towns, wards or school districts." The appellants also urge this Court to find that the statute is an unconstitutional reve-

1. Title 63 O.S.1981: § 938. Types of deaths to be investigated

All human deaths of the types listed herein shall be investigated as provided by this act:
(a) violent deaths, whether apparently homicidal, suicidal, or accidental, including but not limited to, deaths due to thermal, chemical, electrical, or radiational injury, and deaths due to criminal abortion, whether apparently self-induced or not;
(b) deaths under suspicious, unusual or unnatural circumstances;
(c) deaths related to disease which might constitute a threat to public health;
(d) deaths unattended by a licensed medical or osteopathic physician for a fatal or potentially-fatal illness;
(e) deaths of persons after unexplained coma;
(f) deaths that are medically unexpected and that occur in the course of a therapeutic procedure;
(g) deaths of any inmates occurring in any place of penal incarceration; and
(h) deaths of persons whose bodies are to be cremated, buried at sea, transported out of the state, or otherwise made ultimately unavailable for pathological study.

nue raising bill, violating Article 5, § 33 of the Oklahoma Constitution. However, we need not address these arguments because we find the challenged statute constitutionally infirm on other grounds.

## II.

Appellant's challenge we address is whether § 944.2 is an unconstitutional attempt at funding state services.

There is no question that the Chief Medical Examiner is a State Officer. See: 63 O.S.1981, § 933. Nor is there any question that the services provided by the office of the Chief Medical Examiner are state-wide services. The Office of the Chief Medical Examiner is operated and controlled by the Board af Medicolegal Investigations—a State Board comprised of other State Officers. 63 O.S.1981, § 931. The Chief Medical Examiner is directly responsible to the Board for the performance of the duties created by the Unexplained Death Act. See: 63 O.S.1981, § 935. He is charged with the responsibility of appointing county medical examiners. 63 O.S.1981, § 937. The Chief Medical Examiner prepares and distributes the required forms for preparing investigation reports and prepares instructions for their use, in addition to establishing guidelines to be followed by county medical examiners in conducting the statutorily mandated investigations. 63 O.S.1981, § 939. He collects reports of investigations made by county medical examiners and is responsible for furnishing those reports to the proper investigating authorities. 63 O.S.1981, § 942. The Chief Medical Examiner has the power to conduct investigations and, in his discretion, has the power to relieve county examiners of their duties. 63 O.S. 1981, § 943. He has the power to order that autopsies be conducted "in the public interest" and to name a designee to conduct same. 63 O.S.1981, § 944. Further, a certificate of death is only valid after it has been signed by the Chief Medical Examin-

er, his designee, or the appointed medical examiner. 63 O.S.1981, § 947. All of the above are statutorily mandated state services and duties.

This Court addressed a similar controversy in *State, ex. rel., Department of Human Services v. Malibie*, Okl., 630 P.2d 310 (1981). There, we ruled that the Legislature could not require county excise boards to appropriate a portion of their assessed valuations to the State Crippled Children's Fund because of the restrictions of Article 10, Section 9, of our constitution.[2] Our conclusion in *Malibie* was based on the recognition that the Crippled Children's Act was a state program managed, controlled and administered by a State Board comprised of State Officers and providing state-wide services.

We now hold that Section 9 of Article 10 also prohibits legislatively directed cost-of-operations "sharing" such as is mandated by 63 O.S.Supp.1988, § 944.2. Because such political subdivisions are funded from ad valorem assessments, it makes little difference if the statutorily mandated contribution is classed as a "fee", service charge, or, as in *Malibie*, a required minimum appropriation. The end result is the same: the Legislature is attempting to divert municipal and county revenues to assist in the funding, or partial funding, of state services. Such a practice is prohibited by Article 10, Section 9 of the Oklahoma Constitution. *State, ex. rel., Department of Human Services v. Malibie*, 630 P.2d, at 317.

## III.

Because we find that 63 O.S. Supp.1988, § 944.2 violates Article 10, Section 9 of the Oklahoma Constitution, it is not necessary for us to address other propositions presented by the appellants herein. Additionally, the issues of attorney fees and prejudgment interest raised in appellee's counter appeal are rendered moot.

2. The relevant provision of Article 10, Section 9, states:

"No ad valorem tax shall be levied for State purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind of property in this State be used for State purposes." (emphasis added)

Accordingly, the orders of the district court granting summary judgment in favor of the appellee, State of Oklahoma, ex. rel., Fred B. Jordan, M.D., Chief Medical Examiner for the State of Oklahoma, is REVERSED. The cause is REMANDED to that court with instructions to enter judgment for the appellants.

REVERSED AND REMANDED WITH INSTRUCTIONS.

HODGES, LAVENDER, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

HARGRAVE, C.J., concurs in result.

OPALA, V.C.J., concurs in judgment.

KAUGER, J., disqualified.