Carl J. CHAMBERS and Dovie
J. Chambers, husband and
wife, Appellants,

v.

CITY OF ADA, Oklahoma, a municipal
corporation, Appellee.

Nos. 78629, 78767, 78768, 78770,
78771 and 78772.

Supreme Court of Oklahoma.

March 21, 1995.

Rehearing Denied June 2, 1995.

---

**2.** One party's mistake is not sufficient to warrant reformation. *Fessler v. Fariss,* 304 P.2d 332

(Okla.1956)

D. Craig Shew, Smith, Shew, & Scrivner, Ada, for appellants.

Alvin D. Files, Younger & Files, Ada, for appellee.

SIMMS, Justice:

Appellants ("Landowners"), are property owners in an area near the site of a landfill operated by City of Ada (City), appellee. Landowners appeal from separate district court orders dismissing their actions against City. The appeals were consolidated because they all concern the interpretation of a statute never before construed by this Court. Appellants' motion to retain was granted to consider the first impression question of a landowner's right to bring an action under 63 O.S.Supp.1987, § 2258(A),[1] *infra.* The facts as alleged in the pleadings are as follows.

Pursuant to authority granted by the Oklahoma Solid Waste Management Act (the Act), 63 O.S.1981, § 2251, et seq.,[2] the Oklahoma State Department of Health issued permit No. 352006 to City to construct and operate a Type II Municipal Landfill Facility adjacent to or near the property of Landowners.

Upon learning of the issuance of the permit, some of Landowners herein along with other property owners jointly filed an administrative appeal in the district court pursuant 75 O.S.1981, § 318 of the Administrative Procedures Act, 75 O.S.1981, § 301, et seq., asking the court to review the permit issuance proceedings of the State Department of Health. City was not a party to the administrative appeal. Landowners claimed they were denied their due process rights in the issuance of the landfill permit to City. They further asserted the permit was erroneously issued because City did not make requisite showings regarding leachate generation and other environmental concerns.

The trial court dismissed Landowners' administrative appeal, which was made part of the record in these cases, on the grounds that Landowners were

"not legally aggrieved by the action complained of, viz., the issuance of a sanitary landfill permit by the Defendant. Specifically, said action of the Defendant did not adversely affect any rights which [Landowners] possessed or were entitled to receive."

No appeal from the district court ruling dismissing the administrative appeal was instituted. Rather, Landowners each brought an action against City in the district court pursuant to 63 O.S.Supp.1987, § 2258(A), alleging their occupied residences were located within five hundred (500) yards of the proposed landfill site and that the value of their property had decreased as a result of the location of the proposed landfill site. Section 2258(A) provides, in pertinent part:

"A. After adoption of the rules and regulations as provided in Section 2259 of this title and a reasonable time fixed by the Board of Health for compliance therewith, no person shall dispose of solid

1. Now recodified as 27A O.S.Supp.1993, § 2–10–301(C). The section has been amended, but the changes are not relevant to this decision.

2. Now recodified as 27A O.S.Supp.1993, §§ 2–10–101, et seq.

wastes at any site or facility other than a site or facility for which a permit for solid waste disposal has been issued by the State Department of Health, except as specified in subsection B of this section. No provision of this act shall be construed so as to prevent a person from disposing of solid waste from his own household upon his own land provided such disposal does not create a nuisance or a hazard to the public health or does not violate a city ordinance. *The State Department of Health shall not issue an original permit for a new landfill disposal site which is located within five hundred (500) yards of any occupied residences unless the occupants of any such residences consent to the location of the landfill disposal site.*

\* \* \* \* \* \*

If, after the applicant has made a reasonable effort to negotiate a consent agreement with the owners of such residences and has failed to obtain such consent, the applicant may certify to the State Department of Health that such reasonable effort had been made and that the owners of said residences will not consent. The State Department of Health may then issue said permit if it meets all other requirements.

*If a permit is issued without the consent of said owners, they shall have a cause of action against the applicant for any loss of value to their land and residence which will be caused by the operation of the landfill disposal site. Further, in an action brought to determine said damage, the court shall have the authority to weigh the public benefit of the proposed disposal site against the negative impact to the residences in the affected area and enjoin the operation of said landfill disposal site where the negative impact outweighs the public benefit....*" (Emphasis added).

City answered the petition of Landowners by claiming that § 2258 is unconstitutional and filed a motion to dismiss. The trial court ruled in favor of City finding:

"1. The [Landowners] have suffered no cognizable damages by reason of the granting of a landfill permit to the City of Ada.

2. The [Landowners] are legally prohibited from pleading and proving that they are the owners of an occupied residence within 500 yards of the landfill permit area due to previous rulings of this Court in related litigation ... [3]

"3. The statute under which the [Landowners] bring this action, Title 63 O.S. § 2258, is unconstitutional insofar as it represents an attempt by the Legislature to divert municipal revenues to assist in funding, or partial funding of State services, which is prohibited by Article 10, Section 9, of the Oklahoma Constitution."

On appeal, Landowners assert the district court erred in each of these findings. We agree with Landowners. Therefore, we reverse the trial court's order of dismissal and remand this cause for further proceedings.

## I.

**THE TRIAL COURT ERRED IN FINDING LANDOWNERS WERE COLLATERALLY ESTOPPED FROM PLEADING AND PROVING THEY ARE OWNERS OF AN OCCUPIED RESIDENCE WITHIN FIVE HUNDRED (500) YARDS OF THE LANDFILL UNDER 63 O.S.SUPP., § 2258(A).**

■ According to § 2258(A), only those owners of occupied residences which are located within five hundred (500) yards of a landfill site may bring an action for damages. No finding was ever made by the trial court that the occupied residences of Landowners did not meet this requirement. Rather, the trial court held that Landowners were "legally prohibited" from pleading and proving such because of the earlier ruling in the administrative appeal. Because the causes of action were distinct between the administrative action and the damages action, we con-

---

**3.** The "related litigation" referred to was the administrative appeal filed in the district court and dismissed by the court.

clude that the basis of the trial court's ruling was *not* res judicata.[4]

■ Consequently, the trial court barred Landowners from pleading and proving their status as property owners within 500 yards on the apparent grounds of collateral estoppel. Although parties are prohibited from relitigating issues in separate actions under the collateral estoppel doctrine,[5] issues that have not been litigated in the earlier proceeding are not precluded in the later proceeding. *Laws v. Fisher*, 513 P.2d 876 (Okla. 1973); *State ex rel. Trimble v. Kindrick*, 852 P.2d 758 (Okla.Ct.App.1992).

City was not a party to the administrative appeal; the State Department of Health was. In the administrative proceeding neither of the parties raised the issue of whether Landowners lived within 500 yards of the landfill site, and nowhere in its order of dismissal did the trial court address this issue. Indeed, Landowners claim that some of the plaintiffs in the administrative appeal did not live within 500 yards of the landfill site so it was not an issue in that case. Because the cause of action authorized in § 2258(A) is restricted to those owning occupied residences within 500 yards of the site, some of the plaintiffs in the administrative appeal could not bring an action for damages. Rather, their jurisdictional basis was that they were Oklahoma residents aggrieved or adversely affected by a final administrative order of an agency of the State of Oklahoma. *See* 75 O.S. 1991, § 318.

The issue of whether Landowners own occupied residences within 500 yards of the landfill site has neither been raised by the parties or their privies nor addressed and ruled on by a court of competent jurisdiction. Consequently, the raising of the issue by Landowners in their § 2258(A) cause of action is not precluded. The trial court erred in holding Landowners are prohibited from pleading and proving they own occupied residences within 500 yards of the site.

## II.

### THE TRIAL COURT ERRED IN FINDING LANDOWNERS SUFFERED NO COGNIZABLE DAMAGES.

■ The trial court prematurely determined that no cognizable damages had been suffered. Based upon the language used, the trial court apparently decided that no damage was suffered "by reason of the granting of a landfill permit." Although this finding may in fact be true, it is irrelevant to the action brought by Landowners.

Section 2258(A) does not grant an action for damages suffered *by reason of the granting of a permit.* Rather, the unambiguous language of § 2258(A) clearly indicates property owners may bring an action for "any loss of value to their land and residence which will be *caused by the operation* of the landfill disposal site." 63 O.S.Supp.1987, § 2258(A). Therefore, damages under § 2258(A) must be based on the *operation of the landfill* rather than the issuance of the permit. A decision on the issue of whether the landfill's operations causes damage must come after evidence is submitted on the issue. Thus, it was error for the district court to dismiss on the grounds that no cognizable damages were suffered.

City asserts this case is governed by *Stewart v. Rood*, 796 P.2d 321 (Okla.1990), an action brought by owners of property adjacent to a proposed landfill site requesting review of the granting of a permit to the landfill operators by the State Department of Health. However, *Stewart* is clearly distinguishable in that it considered the property owners rights under the Administrative Pro-

---

4. Res judicata, also known as claim preclusion, is a doctrine by which "a final judgment of a court of competent jurisdiction upon a matter properly before it concludes the matter as to the parties to the litigation and their privies and constitutes a bar to a new action upon the same cause of action." *Dearing v. Commissioners of Land Office*, 808 P.2d 661, 664 (Okla.1991). The rationale behind such a doctrine is that public policy requires there be an end to litigation. *Id.*

5. Under the collateral estoppel doctrine, also known as issue preclusion, "once a court has decided an *issue of fact or law* necessary to its judgment, *that issue may not be relitigated between the same parties or their privies in a suit on a different cause of action."* *Wilson v. Kane*, 852 P.2d 717, 722, n. 23 (Okla.1993) (Emphasis in original).

cedures Act and Okla. Const., art. 2, § 24.[6] The property owners primary contentions were that their rights to notice and a hearing on the granting of the permit were violated and that the granting of the permit constituted a "taking" of their property under the constitutional provision. The Court rejected the arguments of the property owners on these theories but did not even consider contentions like those before us in the case at bar, that is, Landowners rights under § 2258 to bring an action for damages for the operation of the landfill.

Moreover, the Court noted that its holding in *Stewart* did not preclude the property owners from recovering damages in actions brought in the district court "in an action based on a private nuisance theory or *other viable theory*." 796 P.2d at 324, n. 2 (Emphasis added). The action at hand in the case at bar is another "viable theory" under which the property owners in *Stewart* may have been able to bring an action. *Stewart* does not govern this case in terms of the damages action under § 2258.

Finally, that portion of our holding in *Stewart* dealing with notice and opportunity to be heard was overruled in *DuLaney v. Oklahoma State Dept. of Health*, 868 P.2d 676 (Okla.1993). Hence, *Stewart* provides no support for City's contentions.

### III.

### THE TRIAL COURT ERRED IN FINDING SECTION 2258(A) VIOLATES ARTICLE 10, § 9 OF THE OKLAHOMA CONSTITUTION.

▪ The trial court's final finding was that § 2258 was an attempt by the Legislature to divert municipal revenues to fund State services in violation of Okla. Const., art. 10, § 9. Section 9 provides, in pertinent part:

"No ad valorem tax shall be levied for State purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind of property in this State be used for State purposes."

City anchors its position that § 2258 is unconstitutional on *State ex rel. Jordan v. City of Bethany*, 769 P.2d 164 (Okla.1989), a case in which we declared unconstitutional a statute which required cities in Oklahoma to share the costs of autopsies with the Chief Medical Examiner of the state. By statute, the Examiner is obligated to perform autopsies to establish the cause of certain unexplained deaths. The Legislature enacted 63 O.S.Supp.1984, § 944.2, to have the costs of these autopsies shared by the cities where the deaths occurred. Several cities refused to pay the examiner who brought suit against the cities. On appeal, we found such sharing of costs by cities to violate Okla. Const., art. 10, § 9, because it required cities to pay for State services. Contrary to City's contention, an analogous situation does not exist in the case at bar.

City claims the State service is the granting of permits. It is true that only the State through the Department of Health was authorized to grant landfill permits. However, it is not for the service of granting permits that § 2258(A) requires City to pay. Rather, § 2258(A) requires the landfill operator, City, to pay damages to the residential property owners for any loss of value to their property resulting from the operation of the landfill. The relevant portion of § 2258(A) has nothing to do with the State service of granting permits. Our holding in *State ex rel. Jordan v. City of Bethany* is not helpful in this case.

If a judgment is rendered against City in a damages action brought under § 2258(A), such damages are for loss of value to Landowners' property *caused by City operating a landfill near the property of Landowners*. These damages should be borne by City because it is City's actions, operation of a landfill, which caused them. We find § 2258 does not violate art. 10, § 9 as an attempt to force communities to pay for State services. The

---

6. Article 2, § 24, provides in pertinent part: "Private property shall not be taken or damaged for public use without just compensation. Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken. Any special and direct benefits to the part of the property not taken may be offset only against any injury to the property not taken. Such compensation shall be ascertained by a board of commissioners of not less than three free holders, in such manner as may be prescribed by law. * * *"

## 1074

district court erred in holding § 2258 unconstitutional.

 In its Answer, City asserted the Governmental Tort Claims Act, 51 O.S. 1991, §§ 151, et seq., applies to this action. However, City failed to raise the issue in its Motion to Dismiss or in its brief on appeal. Nevertheless, the issue is a jurisdictional question which we must address *sua sponte*. *Lincoln Bank and Trust Co. v. Oklahoma Tax Comm'n*, 827 P.2d 1314 (Okla.1992).

The cause of action created by § 2258(A) is not one sounding in tort under the Governmental Tort Claims Act, 51 O.S. 1991, § 151 et seq., as amended, nor one of inverse condemnation, but one that is *sui generis* (i.e., of its own kind or class, one of a kind) because it creates a cause of action not previously know by our law—condemnation or otherwise. The cause of action created is one for loss of value, even when there is no taking, no physical injury, nor impairment to an appurtenant right and, in addition, in the absence of any necessity for an adjacent landowner to prove the landfill become a nuisance. Accordingly, the claim here is not governed by the Governmental Tort Claims Act.

### CONCLUSION

Landowners brought an action for damages for loss of value to their property as authorized by § 2258(A). Because the issue of whether they are owners of occupied residences within 500 yards of the landfill site has not been litigated, the trial court erred in dismissing their action on the grounds that previous ruling legally prohibited Landowners from pleading and proving such. Furthermore, Landowners' action is not based on damages resulting from the granting of the permit, but rather, on the operation of the landfill. Therefore, the trial court erred in dismissing the action on the grounds they suffered no cognizable damages. Finally, § 2258(A) is not an unconstitutional attempt to force City to pay for State services, and the trial court erred in holding the statute violated Okla. Const., art. 10, § 9.

For the above and foregoing reasons, the order of the district court dismissing this action is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

All the Justices Concur.